UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLENE RAIFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:12-cv-00548 |
| NORTH CAROLINA CENTRAL ) | |
| UNIVERSITY, through the BOARD ) | |
| OF GOVERNORS OF THE ) | |
| UNIVERSITY OF NORTH ) | |
| CAROLINA and RAYMOND ) | |
| PIERCE, LAUREN COLLINS, ) | |
| and NICHELLE PERRY in their ) | |
| individual capacities. ) | |
| ) | |
| Defendants. ) | |

_____

**OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, CHARLENE RAIFORD, by and through the undersigned counsel of record and pursuant to Fed. R. Civ. P. 12, Plaintiff, submits Plaintiff's Opposition to Motion to Dismiss Plaintiff's Amended Complaint ("Motion").

### I. BACKGROUND.

On May 31, 2012, Plaintiff Charlene Raiford ("Plaintiff") filed the instant suit alleging a total of eight (8) causes of action against the Defendants.

Defendants answered and moved to dismiss Plaintiff's Complaint on August 31, 2012. IN response to Defendants' motion, Plaintiff filed the Amended Complaint which is the subject of the instant motion to dismiss on September 21, 2012.

## II. ARGUMENT AND CITATION TO AUTHORITY.

Defendants allege four arguments in support of their Motion: (1) Count I (Racial Discrimination pursuant to Title VII) and Count III (Age Discrimination pursuant to Title VII) are untimely and should be dismissed; (2) Count V (Plaintiff's Claim under 42 U.S.C. § 1983) should be dismissed to the extent it seeks monetary damages against Defendant North Carolina Central University ("NCCU"); (3) Count V (§ 1983) should be dismissed to the extent it assets a claim under § 1983 and 42 U.S.C. § 1981 and also that Plaintiff fails to state a claim for relief under § 1981; and (4) Count V (§ 1983) should be dismissed on grounds Plaintiff has not pled a proper § 1983 claim against NCCU. Motion [Doc. 14]. As set forth below, Defendants' Motion should be denied as matter of law.

### A. As Nothing In Defendants' Motion Applies To Counts II And IV In Whole, Or Count V In Part, All Such Claims Remain Viable.

Nothing in Defendants Motion addresses Counts II (Retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., as amended, hereinafter "Title VII") or IV (Retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621-634, hereinafter "ADEA"). [Doc. 14]. With

respect to allegations of untimely filing, Defendants admit Plaintiff "did file the present lawsuit within 90 days of receipt of her right to sue letters for her third and fourth charges, 433-2011-02933 and 433-2011-00313."[1] (Doc. 14, p.2). By Defendants own admission, such claims based on charges explicitly referencing retaliation claims based on Title VII and the ADEA remain viable. Also, nothing in Defendants' Motion addresses Claim V to the extent it states a §1983 Claim under the Fourteenth Amendment to the United States Constitution and seeks prospective equitable relief against Defendants Pierce, Collins, and Perry in their individual capacities. (*See* Doc. 14). In fact, such a claim is viable. *See* Doc. 14 at p. 8 (wherein Defendants cite Edelman v. Jordan, 415 U.S. 651 (1974) for the proposition that Plaintiff "would be entitled to [bring a claim for] … prospective equitable relief…."). Thus, Counts II (Retaliation under Title VII), IV (Retaliation under the ADEA), and V (§ 1983) remain viable claims in the instant action.

Defendants' assertion is premised entirely on the timing of Plaintiff's subsequently filed complaint in this Court, which contains claims based on age and race discrimination, in addition to retaliation claims resulting from both protected classes. However, Defendants' own investigations and EEOC position statements

---

[1] Charge No. 433-2012-00313 was filed in late December 2011, and is thus repeatedly referenced as "433-2011-00313" in documents relevant to this matter. Upon information and belief, 433-2012-00313 is the correct charge number.

belie the argument that Plaintiff's race and age claims are not properly before this Court.

When Plaintiff filed her first two (2) EEOC Charges, including Nos. 433-2011-01171 and 433-2011-01764, Defendants submitted position statements in an attempt to rebut Plaintiff's claims of discrimination on the bases of age and race, and presumably conducted an internal investigation to assess Plaintiff's charges. Defendants' now attempt to segregate these earlier charges from Plaintiff's subsequently-filed charges; however, the position statements submitted in response to the subsequent charges of Plaintiff's evince the relatedness of all four (4) charges of discrimination, and accordingly, Plaintiff's latter-filed charges. *See* NCCU's February 14, 2012 Position Statement to EEOC Charge No.: 433-2012-00313, p 3 ("2.14.2012 Statement"). A true and correct copy of NCCU's 2.14.2012 Statement is attached hereto as Exhibit "1". *See also* NCCU's October 20, 2011 Position Statement to EEOC Charge No.: 433-2011-02933, p 3 ("10.20.2011 Statement"). A true and correct copy of NCCU's 10.20.2011 Statement is attached hereto as Exhibit "2". More specifically, in responding to Charges Nos. 433-2011-02933 and 433-2012-00313, Defendants repeatedly reference and incorporate Plaintiff's prior charges and claims of race and age discrimination, and as such, Plaintiff's claims based on race and age cannot be

considered in isolation.

In Defendant NCCU's Position Statement to the EEOC in response to Charge No. 433-2012-00313, NCCU explicitly stated that because "the issues that are the subject of the present Charge of Discrimination are related to the issues that were present in the January 31st, April 4th and September 1st discrimination charges, NCCU hereby incorporates the March 18, 2011, April 19, 2011 and October 20, 2011 position statements by reference as if fully set forth herein." *See* Exhibit 1, p 3. As shown in Exhibit 1, as of February 14, 2012, the January and April discrimination charges referenced by NCCU refer to Charges Nos. Nos. 433-2011-01171 and 433-2011-01764, respectively, which both included claims pertaining to age and race discrimination. Exhibit 1, p 3. Further, NCCU's position statement submitted in response to Charge No. 433-2011-02933, which remains undisputedly viable, contains similar language by NCCU averring that the issues in the latter charge is related to the issues contained in the earlier discrimination charges. Exhibit 2, p 3.

As evinced by NCCU's own statements, the issues present in the undisputed charges are inseparable from Plaintiff's age and race discrimination claims present in the prior charges. Moreover, the Fourth Circuit has recognized the principal that the scope of a Title VII lawsuit may include "any kind of discrimination like or

related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." Hill v. Western Elec. Co., Inc., 672 F.2d 381, 390 n. 6 (4th Cir. 1982) (*quoting* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). As acknowledged by NCCU, the same issues were at issue in all of the discrimination charges filed by Plaintiff, and thus, the age and race discrimination claims contained in the Complaint were like and related to the allegations described in the latter-filed charges of discrimination, the viability of which are not in question.

**B. Plaintiff is Undeniably Entitled to Prospective Relief Against Defendants Pierce, Collins and Perry.**

Claim V of Plaintiff's Amended Complaint states a Section 1983 Claim under the Fourteenth Amendment and seeks prospective equitable relief against Defendant Pierce, Defendant Collins, and Defendant Perry in their individual capacities. *See* Amended Complaint, ¶¶ 1, 140, 141, 143, and 144. Defendants admit Plaintiff is "entitled to [bring a claim for] . . . prospective equitable relief …." *See* Doc. 14, p. 8). As prospective equitable relief is entirely permissible, Count V remains viable and should not be dismissed.

**C. Plaintiff's § 1983 Claim Is Properly Pled.**

As set forth above, Count V of Plaintiff's Amended Complaint avers that Defendants discriminated against Plaintiff on account of race in violation of the

-6-

Case 1:12-cv-00548-NCT-JEP Document 20 Filed 11/15/12 Page 6 of 10

Fourteenth Amendment and Equal Protection Clause of the United States Constitution through actions including threats, harassment, changes in job duties, demotion, and termination. [Doc. 9, ¶¶ 140-145]. Specifically, Plaintiff asserts that "Defendant Pierce, Defendant Collins, and Defendant Perry" were the parties implicated by Plaintiff's § 1983 claim. Id. at ¶¶ 143-144. Defendants Pierce, Collins and Perry are undeniably "persons" for the purposes of § 1983, and are thus subject to suit under the same. Accordingly, Plaintiff properly pled a claim pursuant to § 1983.

### III. CONCLUSION

As set forth above, Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, are in fact timely. Further, Plaintiff's claim under 42 U.S.C. § 1983 is both properly pled and seeks the appropriate remedy, i.e., equitable relief.

WHEREFORE, Having fully and completely responded to Defendant's Motion To Dismiss Plaintiff's Amended Complaint, Plaintiff CHARLENE RAIFORD respectfully requests this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and grant to Plaintiff such other and further relief as the Court deems proper and just.

Respectfully submitted,

   /s/ Lee Andrews
Lee Andrews
North Carolina Bar No. 105
P.O Box 21472
Greensboro, NC 274020
Voice 336.378.0524
Email Lee_andrews@bellsouth.net

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLENE RAIFORD, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>NORTH CAROLINA CENTRAL )<br>UNIVERSITY, through the BOARD )<br>OF GOVERNORS OF THE )<br>UNIVERSITY OF NORTH )<br>CAROLINA and RAYMOND )<br>PIERCE, LAUREN COLLINS, )<br>and NICHELLE PERRY in their )<br>individual capacities. )<br> )<br>    Defendants. )<br>_____ | CASE NO. 1:12-cv-00548 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint was served electronically using the Court's Case Management Electronic Case Filing ("CM/ECF") system.

Respectfully submitted this 15th day of November, 2012.

                                                                    /s/ Lee Andrews
                                                                    Lee Andrews
                                                                    North Carolina Bar No. 105

P.O Box 21472
Greensboro, NC 274020
Voice 336.378.0524
Email Lee_andrews@bellsouth.net