IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:12-cv-00548

| | |
|---|---|
| CHARLENE RAIFORD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA CENTRAL )<br>UNIVERSITY, through the BOARD )<br>OF GOVERNORS OF THE )<br>UNIVERSITY OF NORTH CAROLINA )<br>and RAYMOND PIERCE, LAUREN )<br>COLLINS, and NICHELLE PERRY in )<br>their individual capacities, )<br>)<br>Defendants. ) | **REPLY IN SUPPORT OF<br>MOTION TO DISMISS<br>AMENDED COMPLAINT**<br><br>(Fed. R. Civ. P. 12(b)) |

I. **PLAINTIFF'S RACE AND AGE DISCRIMINATION CLAIMS, PURSUANT TO TITLE VII AND THE ADEA, SHOULD BE DISMISSED AS UNTIMELY.**

In responding to the motion to dismiss, Plaintiff does not address the fact that she failed to file her Title VII and ADEA claims, alleging race and age discrimination, within 90 days of receiving her first (433-2011-01171) and second (433-2011-01764) EEOC charges. The first and second EEOC charges, (433-2011-01171) and (433-2011-01764), are the only charges in which she raised claims of race or age discrimination pursuant to Title VII, 42 U.S.C. §2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA).

Both Title VII and the ADEA clearly provide that an action brought under either of these federal statutes must be brought within 90 days of receipt of a right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e). Plaintiff's right to sue letters for

her first (433-2011-01171) and second (433-2011-01764) EEOC charges are dated December 5, 2011.  (Aff.Tyehimba ¶¶ 5-6, Exs. 1 and 2)  Thus, presuming 3 days for delivery, Plaintiff had until March 9, 2011 to file her lawsuit for the race and age discrimination claims alleged in her first (433-2011-01171) and second (433-2011-01764) EEOC-- which were her only EEOC charges alleging race and age discrimination.  Instead, Plaintiff filed the claims of race and age discrimination pursuant to Title VII and the ADEA in this Court **on May 31, 2012**—almost twelve weeks beyond the statutory time period.

    Instead of addressing the merits of the argument relating to the timeliness of her Title VII and ADEA discrimination claims, Plaintiff argues that because North Carolina Central University (NCCU) referenced the previously filed EEOC charges and the University's responses to those earlier charges in subsequent position statements, that NCCU somehow acknowledged the viability of the race and age claim discrimination claims or extended the time period for filing the race and age discrimination claims.  In responding to Plaintiff's multiple EEOC charges and her amended EEOC charges, NCCU referenced the position statements for the first and second EEOC charges in subsequently filed position statements for the sole purpose of ensuring that the EEOC had available for consideration all of the facts related to Plaintiff's multiple EEOC charges and her amended EEOC charges.   Incorporating the previously filed documents did not indicate that NCCU determined that Plaintiff's charges had any merit.  To the contrary,  NCCU in each position statement denied that any of Plaintiff's allegations had merit.

Importantly, aside from incorporating the previously filed documents by reference, for the limited purpose of ensuring that the EEOC investigator had available all of the facts related to the myriad of Plaintiff's EEOC charges, NCCU did not specifically address the race and age discrimination claims in subsequent position statements. The focus of the subsequent position statements, specifically for the third and fourth EEOC charges, was devoted to the allegations identified by Plaintiff in those respective charges.

In actuality, Plaintiff chose in her first and second EEOC charges to raise allegations of race and age discrimination in violation of Title VII and the ADEA. She received respective right to sue letters on the first and second EEOC charges requiring t any complaint of race and age discrimination raised in these charges be filed within 90 days of receipt of the right to sue letters --which she failed to do. Likewise, Plaintiff chose in her third and fourth EEOC charges to raise allegations of retaliation and subsequently received right to sue letters regarding those charges. As to her claims of retaliation raised in her third and fourth EEOC charges, Plaintiff filed the present complaint claiming retaliation pursuant to Title VII and the ADEA within 90 days of receipt of the right to sue letters for these charges. As a result, this Court only has jurisdiction over Plaintiff's claims of retaliation in violation of Title VII and ADEA . However, given that Plaintiff's claims for race and age discrimination are barred by the applicable statute of limitations, the Court does not have jurisdiction over these additional claims.

Additionally, Plaintiff attempts to argue that since the Court has jurisdiction over the retaliation claims-- that the underlying discrimination claims (raised only in her first

and second EEOC charges) are also incorporated. Claims for discrimination based on race and age in violation of Title VII and the ADEA have prima facie elements that are completely different from the prima facie elements of retaliation claims brought pursuant to these statutes. *Cf. Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999) (holding under the *McDonnell Douglas* framework that in discrimination claims, a plaintiff must show (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the job remained open or was filled by similarly qualified applicants outside plaintiff's protected class), and as to retaliation claims, *Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001) (holding that Plaintiff must show that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action.") and *Burlington Northern and Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006) (holding that an adverse employment action is an action by the employer that "a reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.")

      To allow Plaintiff to proceed with her age and race discrimination claims would invalidate the statute of limitations provided by Title VII and the ADEA. Following Plaintiff's analysis, a plaintiff could avoid being time barred from filing discrimination claims by simply filing subsequent EEOC charges alleging retaliation and thus reviving any discrimination claims which are untimely.

## II. PLAINTIFF'S CLAIMS AGAINST NCCU BROUGHT PURSUANT TO 42 U.S.C. § 1981 AND 42 U.S.C. § 1983 ARE BARRED.

Plaintiff in filing the Amended Complaint alleged claims pursuant to 42 U.S.C § 1981 and 42 U.S.C. § 1983. In the caption, Plaintiff named several defendants including NCCU, through the Board of Governors of The University of North Carolina, and the Defendants Raymond Pierce, Lauren Collins, and Nichelle Perry, in their individual capacities. However, the Plaintiff, in the Amended Complaint, did not indicate who are the specific defendants for the 42 U.S.C. §§ 1981 and 1983 claims.

Defendants filed the partial motion to dismiss, in part, to clarify which defendants are proper parties to the various claims. Defendants, in its motion to dismiss the original complaint (Docket Entries 6 and 7), did move to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 against all the defendants, including Defendants Pierce, Collins, and Perry. However, after Plaintiff filed the Amended Complaint, Plaintiff addressed the failure in the pleadings as to these individual defendants. The present motion to dismiss the claims pursuant to 42 U.S.C. §§ 1981 and 1983 seeks only to clarify who are the respective parties for these claims and to move to dismiss any claims against NCCU pursuant to 42 U.S.C. §§ 1981 and 1983.

To the extent that Plaintiff is seeking a claim for relief pursuant to 42 U.S.C. §1983 **against NCCU** for monetary damages, NCCU is not a "person" subject to suit. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989) (holding the State is **not** a "person" for purposes of § 1983). Plaintiff's Complaint names NCCU and appears to bring a § 1983 claim against one of the State agencies, NCCU. (Amended Compl. ¶¶ 140-145, alleging that the NCCU School of Law took actions against her, including her

5

termination, based on her race).  Because NCCU is not a "person" subject to suit under 42 U.S.C. § 1983, no § 1983 action can lie against NCCU, which, as an agency of the State, **is** the State.  *See, e.g., Pharr v. Garibaldi,* 252 N.C. 803, 115 S.E.2d 18 (1960) (suit against a State agency is a suit against the State).  Thus, any such § 1983 claim against the University should be dismissed.

Likewise, to the extent Plaintiff is seeking a claim for relief pursuant to 42 U.S.C. § 1981 **against NCCU**, such claim is barred by sovereign immunity.  *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 735 (1989).  Moreover, because 42 U.S.C. § 1983 is the exclusive federal remedy against the State for violation of rights guaranteed by § 1981, Plaintiff's claim brought pursuant to § 1981 should be dismissed.  See *Jett*, 491 U.S. at 733, (holding that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . .")  As a result, Plaintiff does not have a claim for relief against NCCU pursuant to 42 U.S.C. § 1981 and that claim must be dismissed in its entirety.

For all of these reasons, the Court should dismiss any claims by Plaintiff brought pursuant to 42 U.S.C. §§ 1981 and 1983 against NCCU.

## CONCLUSION

For the all the reasons provided, Defendants request that the Court grant Defendants' partial motion to dismiss as to those claims detailed in its brief in support of the motion to dismiss and in the present reply.

Respectfully submitted, this the 29th day of November 2012.

>ROY COOPER
>Attorney General
>
>
>/s/ Kimberly D. Potter
>Kimberly D. Potter
>Special Deputy Attorney General
>N.C. Bar No. 24314
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, N.C. 27602-0629
>Tele: (919) 716-6920
>Fax: (919) 716-6764
>kpotter@ncdoj.gov

7

# CERTIFICATE OF SERVICE

I certify that the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed on 29 November 2012 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Lee Andrews, Matthew Johnson, and Shaun Southworth, Attorneys for Plaintiff, if registered or, I hereby certify that I have mailed the document to the following non CM/ECF participant:

>Matthew Johnson
>Shaun C. Southworth
>Melville Johnson, P.C.
>22 Seventh Street N.E.
>Atlanta, GA 30308

This the 29th day of November 2012.

>ROY COOPER
>Attorney General
>
>/s/ Kimberly D. Potter
>Kimberly D. Potter
>Special Deputy Attorney General

8