IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:12-cv-00548

| | |
|---|---|
| CHARLENE RAIFORD , <br><br> Plaintiff, <br><br> v. <br><br> NORTH CAROLINA CENTRAL UNIVERSITY, through the BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA and RAYMOND PIERCE, LAUREN COLLINS, and NICHELE PERRY in their individual capacities. <br><br> Defendants. | DEFENDANTS' RULE 26(f) REPORT |

The parties have jointly moved the court to stay all proceedings and discovery in this case pending the Court's ruling on Defendants' motion to dismiss as to Plaintiff's amended complaint (DE #23). Staying all further proceedings in this case until after a ruling on Defendants' motion to dismiss would promote judicial efficiency. The pending motion to dismiss addresses several claims and will impact significantly the extent and nature of discovery.

However, if the Court denies the motion stay, Defendants file the following report:

I.       Discovery Conference.

Pursuant to Federal Rule of Civil Procedure 26(f), L.R.16.1 and L.R.26.1, a meeting was held by telephone conferences on December 14, 2012, and was attended by Vince de la Cruz and Michael Turski for plaintiff and Kimberly D. Potter for defendants.

II.      Discovery Plan.

Without intending to limit the parties' rights to discovery under the Federal Rules of Civil Procedure, the parties anticipate that discovery will be needed on the following subjects: whether Defendants violated Plaintiff's rights pursuant to 42 U.S.C. §§ 2000e and 1983.

Discovery shall be placed on a case-management track established in LR26.1. The parties agree that the appropriate case management track plan for this case is designated in LR26.1(a) as "Standard" with Plaintiff being allowed to serve a total of 15 interrogatories and 15 requests for production of documents on Defendants. Likewise, Defendants are allowed to serve

-1-

a total of 15 interrogatories and 15 requests for production of documents on the Plaintiff.

In addition, the parties agree to the following modifications relating to discovery:

All materials required to be disclosed by Rule 26(a)(1) will be served on or before January 15, 2013. The parties agree to exchange copies of all documents within their possession, custody, or control rather than merely providing "descriptions by categories" of all documents as called for under Rule 26(a)(ii).

The parties agree not to serve written discovery until January 15, 2013. The date for the completion of all discovery (general and expert) is April 30, 2013.

The parties agree to cooperate in scheduling discovery depositions of initial, primary witnesses within two weeks of each other. Pursuant to L.R. 26.1(a)(1), depositions are presumptively limited to four (4) per side, including experts.

Reports from retained experts under Rule 26(a)(2) are due during the discovery period from both parties by February 15, 2013, or 30 days after an expert is designated by the opposing party, whichever is later.

Supplementations under Rule 26(e) are due any time before trial when a party learns that a disclosure or response is incomplete, incorrect, misleading, or in need of additional or corrective information, and, in any event, not later than thirty (30) days after a party discovers new information that must be disclosed, provided, however, that during the final thirty (30) days of discovery, all supplementations will occur as soon as practicable so as not to prejudice the other party.

The parties reserve the right to seek an extension of any of the discovery deadlines contained herein from this Court based on a showing of good cause. An extension of time in order to respond to discovery granted to one party, or delays during discovery related to outstanding motions to compel, shall presumptively constitute good cause for extending subsequent discovery deadlines commensurately.

All potentially dispositive motions should be filed within 30 days of the close of all discovery.

III.     Electronically Stored Information:

a.     Discovery of electronically stored information (ESI) should be handled as follows:

    i.     The parties shall be under no obligation to provide paper copies of any ESI unless the documents or information is not produced in electronic format specified in III(a)(ii).

    ii.    ESI may be produced on CD ROMS in the format in which it is stored or

in any of the following formats: WordPerfect, Word, Excel or PDF;

        iii.    If ESI is produced in any format other than those specified in III(a)(ii), within five (5) days of the receiving party's request, the producing party shall provide the receiving party with access to a computer with the software necessary to view any produced ESI for the purpose of viewing files, provided printing of the ESI shall be governed by III(a)(i).

    b.    Disclosure of Privileged or Protected Information. If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the party making the claim shall notify by written or electronic communication any party that received the information of the claim and the basis for it within ten (10) days of discovery of the disclosure. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before receiving notification, it must take reasonable steps to retrieve it and prevent its further disclosure. If the receiving party desires to dispute the claim, it must within twenty (20) days of notice of the claim present the information and an explanation of its contentions that the information is not privileged or protected to the court under seal for a determination of the claim. The producing party must preserve the information until the lawsuit is resolved.

IV.    Mediation.

Mediation should be conducted during the discovery period, with the exact date to be set by the mediator after consultation with the parties. Defendants submit Nahomi Harkavy of Greensboro, North Carolina as the mediator.

IV.    Other Items.

The parties agree that Motions to Amend and to Add Parties shall be governed by Rule 15 of the Federal Rules of Civil Procedure and filed by January 15, 2013. After that date, the Court will consider whether the granting of leave would delay trial.

The parties have had a full and frank discussion of settlement, but at this time believe that the likelihood of a settlement cannot be determined until discovery has taken place.

This case does not need early judicial intervention due to complexity or other factors.

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. 636(c), or appointment of a master. Defendants do not consent to magistrate jurisdiction over the present case.

Either party can petition the court to modify this order for good cause.

The parties agree that some information in the case may be protected by the attorney-

client privilege, the work product doctrine, or any other applicable privilege or immunity or any personnel information which is confidential under Article 7 of Chapter 126 of the North Carolina General Statutes. However, the parties believe that they will be able to work out any such issues and will also be able to agree to a suitable consent protective order at the appropriate time.

VI.     Trial of This Action.

The parties expect the trial of this case to take approximately three (3) days. A jury trial has been demanded.

Respectfully submitted, this the 14th day of December 2012.

                                      ROY COOPER
                                      Attorney General

/s/ Kimberly D. Potter
Kimberly D. Potter
Special Deputy Attorney General
N.C. Bar No. 24314
N.C. Department of Justice
P.O. Box 629
Raleigh, N.C. 27602-0629
Tele:   (919) 716-6920
Fax:    (919) 716-6764
kpotter@ncdoj.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that the foregoing **DEFENDANTS' RULE 26(f) REPORT** was electronically filed on 14 December 2012 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Lee Andrews, George Melville Johnson, and Michael Turski, Attorneys for Plaintiff, if registered or, I hereby certify that I have mailed the document to the following non CM/ECF participant:

>George Melville Johnson
>Michael Turski
>Melville Johnson, P.C.
>22 Seventh Street N.E.
>Atlanta, GA 30308

This 14th day of December 2012.

>ROY COOPER
>Attorney General
>
>/s/ Kimberly D. Potter
>Kimberly D. Potter
>Special Deputy Attorney General