IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLENE RAIFORD, )
)
      Plaintiff )
v. ) 1:12CV548
)
)
NORTH CAROLINA CENTRAL, )
UNIVERSITY, through the BOARD )
OF GOVERNORS OF THE )
UNIVERSITY OF NORTH CAROLINA )
and RAYMOND PIERCE, LAUREN )
COLLINS, and NICHELLE PERRY in )
their individual capacities )
)
      Defendants )
)

**MEMORANDUM ORDER**

I.

Plaintiff Charlene Raiford was formerly employed for the North Carolina Central University ("NCCU") School of Law as a librarian. She brought this action alleging that NCCU discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act ("Title VII"), discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), and retaliated against her for filing charges with [the] EEOC alleging race and age discrimination, in violation of both Title VII and the ADEA. She also alleges that Defendants discriminated against her on the basis of her race in

violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. This matter is currently before the Court on Defendants' Motion to Dismiss [Doc. # 13] (1) Ms. Raiford's claims for discrimination under both Title VII and the ADEA; and (2) Ms. Raiford's claims against NCCU under § 1983.[1] For the reasons set forth below, the Motion to Dismiss is GRANTED.

## II.

According to the allegations in Ms Raifords's complaint, she is a forty-one year old African American woman. See Doc. # 9 ¶ 19. NCCU Law School first hired Ms. Raiford as an Evening Reference Librarian in August of 2005. See id. ¶ 20. She first filed an EEOC charge in February of 2009. See id. ¶ 21. After doing so, the Law School's Dean, Defendant Raymond Pierce, pressured employees of the library not to file any additional complaints, and personally told Ms. Raiford that "complainers were fired." See id. ¶¶ 23-25.

Since this incident, Ms. Raiford was the victim of a series of discriminatory acts. See id. ¶¶ 37-59. She eventually accepted what Defendants Nichelle Perry and Lauren Collins told her was a promotion, only to find that the position was a

---

[1] Defendants also claim that Ms. Raiford brought a claim against NCCU "pursuant to § 1981" that must be dismissed since "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." See Doc. 14 at 8 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989)). While this is an accurate statement of the law, the complaint is construed to appropriately seek to vindicate Ms. Raiford's § 1981 rights through a claim brought pursuant to § 1983.

"trial position" with fewer supervisory responsibilities than had been promised. See id. On January 31, 2011, Ms. Raiford again filed a charge of discrimination with the EEOC, alleging age discrimination for the period from August 13, 2010 to January 24, 2011 (Charge No. 433-2011-01171) (the "January Charge"). See id., ex. 2. In the following weeks, she continued to suffer from discriminatory acts, threats, and changes in her job responsibilities. See id. ¶¶ 62-80.[2]

Ms. Raiford was demoted on March 21, 2011, see id. ¶ 81, and on March 30, 2011, she filed both an amendment to the January Charge alleging race discrimination, and a new EEOC charge for the period from January 31 to March 30, 2011 (Charge No. 433-2011-01764) (the "March Charge"), alleging race discrimination and retaliation. See Doc. # 9, ex. 2. She was then called a "troublemaker" by Ms. Collins, id. ¶ 84, and continued to suffer from discrimination, retaliation, and harassment. See id. ¶¶ 83-87. On August 2, 2011, Ms. Raiford amended the March Charge to include allegations of gender discrimination, see id., ex. 3, and filed a new charge of discrimination for the period from April 8 to July 12, 2011 (Charge No. 433-2011-02993) (the "August Charge"), alleging that she was retaliated against for filing the prior two EEOC charges. See id., ex. 4.

On September 15, 2011, Ms. Raiford was notified that NCCU intended to

---

[2] Ms. Raiford's amended complaint includes detailed factual allegations supporting her discrimination claims. These allegations are not recited in full.

terminate her employment.  See id. ¶ 103.  She did not receive any justification for her termination, and alleges that Mr. Pierce made the decision to terminate her in retaliation for her protected activity of filing EEOC complaints.  See id. ¶¶ 104-107.  See id., ex. 2.  On November 29, 2011, she filed a charge of discrimination with the EEOC for the period from September 10 to September 15, 2011 (Charge No. 433-2012-00313) (the "November Charge"), claiming that she was terminated in retaliation for filing the three prior 2011 charges.  See id., ex. 5.

On December 5, 2011, the EEOC issued a right to sue letter for the claims contained in the January and March Charges.  See Doc. # 6, ex. 1.  On March 2, 2012, the EEOC issued another right to sue letter for the claims contained in the August and November Charges.  See Doc. # 9, ex. 6, 7.  Each letter stated that "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** or your right to sue based on this charge will be lost."  See id. (emphasis in original).

Ms. Raiford filed her complaint on May 31, 2012.  See Doc. # 1.

### III.

Before filing suit under the ADEA or Title VII, a plaintiff must file a charge of discrimination with the EEOC.  See 29 U.S.C. § 626(d); 42 U.S.C § 2000e-5(f)(1).  After receiving a notice of final decision from the EEOC, the plaintiff has ninety days to commence a judicial action.  See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e–5(f)(1).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable

investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Ms. Raiford filed her complaint on May 31, 2012. See Doc. # 1. This was within 90 days of March 2, 2012 – the date the right to sue letter was issued as to the August and November Charges. As such, the retaliation claims contained in those charges are properly before this Court.

However, the Complaint was not timely filed as to the January and March Charges. As to those charges, the EEOC issued a right to sue letter on December 5, 2011 – more than five months before Ms. Raiford filed her Complaint.

Ms. Raiford argues that the earlier discrimination charges are "reasonably related" to the retaliation charges contained in the August and November charge. This is not the case. The August and November charges explicitly relate to actions taken between April 8 and July 12, 2011, and September 10 and 15, 2011, not earlier periods of the year. Ms. Raiford only checked the box for "retaliation" on each of the latter charges, and not the boxes for gender or age discrimination. And while Ms. Raiford includes some detail in the narrative section of the latter charges, she only alleges that actions were taken as a result of retaliation, and only describes actions within the appropriate time periods. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009) (retaliation charge

not reasonably related to previously-filed discrimination charge when the latter charge only checked the retaliation box and "did not allege that [the plaintiff] was discriminated against based on her age, sex, or race.")

Ms. Raiford's retaliation claims as to the periods described in the August and November Charges are properly before this Court. The claims contained in the January and March Charges are time-barred, and must be dismissed.

IV.

Ms. Raiford also brings a claim under 42 U.S.C. § 1983, alleging that Defendants discriminated against her on the basis of her race in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981.

A state is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As noted by the Defendants, NCCU is an alter ego of the State of North Carolina. See N.C. Gen. Stat. § 116-4 (naming NCCU as one of the constituent institutions of the University of North Carolina system); Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1139 n. 6 (4th Cir. 1990) (recognizing the Board of Governors of the University of North Carolina as an alter ego of the State of North Carolina). As such, NCCU is not a "person" who can be sued under 42 U.S.C. § 1983, and all claims directed against NCCU under that provision must be dismissed.[3] This ruling does not affect the § 1983

---

[3] While litigants can obtain injunctive relief against a state by suing its officers in their official capacity under § 1983, Ms. Raiford only sued the individual defendants in their individual capacity.

claims brought against the individual defendants.

V.

For the foregoing reasons, Defendants' motion to dismiss [Doc. # 13] is GRANTED as to Count 1 and III in full and Count V in part.

This, the 20th of December, 2012.

   /s/ N. Carlton Tilley, Jr.   <br/>
Senior United States District Judge